UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE UNITED STATES OF AMERICA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, et al.,<br><br>Defendants. | Case No. 17-cv-00451-JD<br><br>**ORDER DISMISSING COMPLAINT** |

Attorney Andrew W. Shalaby filed this case on behalf of plaintiffs, "the People of the United States of America and the State of California," to enjoin and invalidate as unconstitutional an executive order issued by President Donald Trump on January 27, 2017 for "Protecting the Nation from Foreign Terrorist Entry into the United States." Dkt. No. 1. Shalaby also filed an application to proceed in forma pauperis ("IFP"), which is pending before the Court. Dkt. No. 4. Because the complaint makes clear that federal subject matter jurisdiction is lacking here, the Court dismisses it without prejudice under Federal Rule of Civil Procedure 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B), and denies the IFP application as moot.

## BACKGROUND

The challenged executive order suspends immigrant and non-immigrant entry into the United States of all aliens from certain designated countries, and also suspends the U.S. Refugee Admissions Program. *See* Dkt. No. 1-1 (the "Order"). Shalaby filed the complaint the day after the Order was signed "for the protection of all persons in the United States in their civil rights and for their vindication pursuant to . . . 42 U.S.C. § 1988." Dkt. No. 1 ¶ 1. It alleges two claims. Injunctive relief is sought on the basis that the Order "violates the separation of powers doctrine without statutory exception," will "damage U.S. reputation," and was issued without statutory or

other authority. *Id*. ¶¶ 4-6. The complaint also asks the Court to strike the Order as an "unconstitutional infringement on [the] Establishment Clause." *Id.* ¶ 7.

## DISCUSSION

A fundamental rule of federal practice is that the Court "must dismiss" an action if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3); *see also Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action"). In addition, a complaint filed by a civil plaintiff seeking to proceed in forma pauperis is subject to *sua sponte* screening and dismissal if the complaint is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th. Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000).

The complaint fails to establish that the Court has subject matter jurisdiction over this case. It does not allege a concrete and particularized "injury in fact" caused by the Order, which is a core requirement for Article III standing. *Clapper v. Amnesty Int'l USA*, 133 S.Ct. 1138, 1146-47 (2013); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). It does not even allege a specific person who might have sustained an injury in fact, and instead names as plaintiffs "the People of the State of California and United States." Dkt. No. 1 at 1. Article III does not permit the Court to ignore the concrete injury requirement and act on a generalized grievance alleged to be common to all members of the public. *See Lujan*, 504 U.S. at 576 ("'The province of the court,' as Chief Justice Marshall said in *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 170, 2 L.Ed. 60 (1803), 'is, solely, to decide on the rights of individuals.' Vindicating the *public* interest (including the public interest in Government observance of the Constitution and laws) is the function of Congress and the Chief Executive.") (emphasis in original); *Drake v. Obama*, 664 F.3d 774, 779 (9th Cir. 2011) ("generalized interest of all citizens in constitutional governance" insufficient to establish Article III standing) (internal citations omitted).

The fact that the complaint invokes 42 U.S.C. § 1988 as the basis for the suit, *see* Dkt. No. 1 ¶ 1, makes no difference on the question of standing. Section 1988 does not create an

independent federal cause of action for the violation of federal civil rights, let alone carve out an exception to the standing requirement under Article III of the Constitution.  *Moor v. County of Alameda*, 411 U.S. 693, 702-04 (1973); *see also Drake*, 664 F.3d at 785 n.5 ("§ 1988 does not create an independent cause of action for the violation of federal civil rights, but 'instructs federal courts as to what law to apply in causes of actions arising under federal civil rights acts'").

## CONCLUSION

Consequently, the complaint is dismissed without prejudice for lack of subject matter jurisdiction, and the IFP application is denied as moot.  Although the Court has doubts that any amendment could cure the standing problem inherent in the complaint in its present form, Shalaby will have an opportunity to amend, in a manner consistent with this order, by **February 15, 2017**.

**IT IS SO ORDERED.**

Dated:  February 1, 2017

JAMES DONATO
United States District Judge